Scates, Justice, delivered the opinion of the court: (1) The plaintiff in error filed his bill in chancery in the Madison circuit court, against the defendants McGill and Darby, and one James Mason, setting forth, that the plaintiff and one Aldrich were doing business as merchants in copartnership; that the whole amount of goods bought by them of the defendant McGill was $1435.34, as will appear by reference to the bills of goods filed and made part of his bill of complaint, and that they were credited by cash paid from time to time; that by an agreement between the plaintiff and his partner and the said defendant McGill, a large quantity of oats, osen, and other property, specified in an exhibit which is made part of the bill, which, together with the cash paid from time to time, amounted to the sum of $1561.52-2-, were paid said McGill, leaving a balance of $126.184-infavorof the firm of the plaintiff; whereby if appears that the mortgage hereinafter mentioned has been fully paid. The mortgage was executed and delivered by the plaintiff to the defendant, on the 14th day of January, 1833 ; and after reciting that the plaintiff was indebted to the defendant McGill, in the sum of $1000, in consideration thereof and one dollar, it conveys certain lands to the defendant, with ‘a defeasance, conditioned that if filié money was not paid on the 1st of January, 1834, then McGill might, upon giving notice, sell the same at auction for cost, pay the debt, interest, and expenses, and return the surplus to the plaintiff. The bill further charges that McGill, Darby, and James Mason, confederating, etc., to cheat and defraud, etc., said McGill assigned the mortgage to James Mason, who was proceeding to sell the mortgaged premises. The bill prays an injunction against all the defendants, and that an account be stated between the plaintiff and McGill, and for general relief. - The mortgage was duly recorded. A summons was duly issued and served on McGill and Mason, and returned non est inventus as to Darby. An injunction also issued. The exhibit of the plaintiff’s account against McGill shows an indebtedness amounting to $1561.52-^-, covering a period from September, 1832, to October, 1833. The defendants all appeared and filed separate answers. The defendant McGill, answering, admits the execution and delivery of the mortgage, and the purchase of goods as [* 161] stated, but denies that they were paid for, as charged. He admits the delivery of the oats, but denies that they were to be applied to the payment of the debt of the plaintiff and Aldrich, but were, by express agreement, to ,be applied to the payment of a debt due from Aldrich and one Brents, for goods sold them. He also admits the delivery of thirteen yoke of oxen, but denies that they were to be applied to the payment of the defendant’s account against plaintiff and Aldrich, but by express agreement were to be applied, as the oats, to pay his account against Al-drich and Brents. He states that said oxen were worth $500, and that there will be a small balance due Aldrich and -Brents upon settlement. He admits payment by the plaintiff and Al-drich, to the amount of $464.25, a,nd insists upon a balance of upwards of $1000, which said mortgage was intended to secure. Pie admits the assignment of the mortgage to James Mason, and denies all combination, etc. The defendant Darby answers, denying all knowledge of the accounts between the parties, or of the mortgage and its consideration, except that a mortgage was shown him by McGill, upon which as counsel, he advised McGill that a decree of foreclosure would be necessary to enable him to sell the premises. Whereupon, at the request of McGill, he consented to act as trustee, on a new deed of trust from Reece to him, to sell the same premises to pay said debts. That on the 25th of June, 1883, the plaintiff in error executed' to this respondent a deed of trust, in which, after reciting the execution of the mortgage to secure the payment of the sum of $1000, as aforesaid, and that from the terms and tenor of it, it would require a foreclosure at law, and that such was not the intention of the parties thereto, but that they intended a deed of trust, with power to sell the premises without an order of court, in consideration that the plaintiff was indebted to McGill in the sum of $1000, due the first of January, 1834, and of one dollar, and for the purpose of securing the payment of the same, as specified in the mortgage, sold and conveyed, in fee, to the respondent, the same premises, in trust to sell the same at public auction, at the court house door of Madison county, Ills., on twenty days’ notice, for cash, receiving the purchase money, and executing deeds so as- to pass the title, and to pay the expenses of the sale, and to pay whatever might be then due of said debt, and return the surplus. That he proceeded, by agent, to advertise, but was stopped from selling by injunction. He denies all fraud and combination, etc. James Mason, answering, denies all knowledge of the accounts .■and dealing between the plaintiff and McGill, but admits that .McGill assigned the mortgage to him as collateral security for the payment of $600 loaned by him to McGill. He denies ;[* 162] all fraud and combination. On the 2d day of June, 1834, the plaintiff filed a general replication to these several answers. At a special term of said court, in May, 1837, this cause was set for hearing at the then next term. In January, 1839, a scire facias, was issued to Paris Mason, administrator of James Mason, deceased, and which was ¡served, and at the February term, 1839, the death of James Ma.son was suggested, and a scire facias awarded against Sarah Ma,son and Paris Mason, administrator, etc. At the same time, Paris Mason, administrator, filed his answer, denying all knowledge of the accounts, etc., admitting his character as administrator. and that such he came into and still retains possession of the mortgage. To this answer there was a general replication. Sarah Mason was served with notice by publication. At the August term, 1839, on motion of defendant, the injunction was dissolved and the bill dismissed. The plaintiff brought the cause to this court, and assigns for error the dissolution of the injunction, and dismissal of the bill. It appears by the pleadings in this cause, that the matters were at issue and set for hearing at the fall term, 1837, and that no further step was taken in the cause until January, 1839, when it became necessary to bring the administrators of James Mason, one of the defendants, before the court. The answers deny the whole equity of the bill. Without any proof the answers must be taken as true. The cause coming on for hearing on bill, answers, and a general replication, the court correctly dissolved the injunction and dismissed the bill. The motion was nothing more than a hearing on the pleadings as presented. Edwards v. Beaird, Breese 41. Had the plaintiff intended to deny the truth of the answers and sustain his allegations in his bill, he should have applied for a continuance for the purpose of taking depositions, and opposed the motion to dissolve the injunction, on the ground of the cause not being ready for a hearing. An application for the extension of the time for hearing is addressed to the sound discretion of the court! We see nothing in the' proceedings in this.cause contrary to the rules of practice in chancery. As the bill and answers admit a balance due from the plaintiff to the defendant McGill, and as no sale had taken place under the mortgage or deed of trust, there is no ground for retaining the bill, for an account against the defendant McGill. The plaintiff may file a new bill for an account of sales, after they shall be made. The judgment of the court is affirmed with costs. Decree affirmed. This cause was decided at the July term, 1841, but the opinion was not then delivered.